DJW/sr

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JOE W. BRACKEN,**

        **Plaintiff,**

    v.                                    Case No.  07-2264-CM-DJW

**BSN MEDICAL, INC.,**

        **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Compel Discovery Responses (doc. 44) (the "Motion") filed by Defendant. Defendant seeks to compel Plaintiff to provide, without objection, complete and verified responses to Defendant's First Set of Interrogatories and responsive documents to Defendant's First Request For Production of Documents to Plaintiff within seven days of the Court's order on the Motion. For the reasons set forth below, the Motion is granted in part and denied in part.

**I. Background**

Defendant served Plaintiff with its First Set of Interrogatories and its First Request for Production of Documents to Plaintiff on February 28, 2008.[1] According to Defendant, for various reasons, Plaintiff's deadline to respond to these interrogatories and document requests was first extended by leave of this Court and was then extended on several occasions by agreement of the

---

[1] *See* Notice of Service (doc. 17).

parties.[2]  The last extension agreed upon by the parties was July 14, 2008.[3]  Defendant claims that when Plaintiff failed to respond to any of Defendant's interrogatories or document requests by July 14, 2008, Defendant's counsel contacted Plaintiff's counsel on July 15, 2008, by both telephone and email to discuss the outstanding discovery.[4]  Defendant further claims that Defendant's counsel did not receive any response from Plaintiff's counsel before Defendant filed its Motion on July 16, 2008.[5]

## II. Duty to Confer

Based on the relevant pleadings and exhibits, it is clear to the Court that Defendant's counsel conferred in good faith with Plaintiff's counsel in an effort to resolve the discovery dispute before Defendant filed the Motion as is required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.  The Court further notes that Plaintiff does not argue that Defendant's counsel failed to confer in good faith as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

## III. Standards

Fed. R. Civ. P. 37 permits a party to move for an order compelling discovery if the party to whom the discovery is directed fails to answer an interrogatory or to respond to a document request.[6]  Fed. R. Civ. P. 37 also permits the court, on motion, to order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails

---

[2] *See* Mot. to Compel Disc. Resps. (doc. 44), at 1-3.

[3] *See id.*, at 3.

[4] *See id.*, at 4.

[5] *See id.*

[6] *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).

to serve its answers, objections, or written response."[7]  A motion requesting sanctions must be accompanied by a certification that the movant in good faith attempted to confer with the party failing to respond.[8]  The sanctions ordered by the court *must* include requiring "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[9]

**IV. Analysis**

Plaintiff does not dispute that he failed to respond to Defendant's interrogatories and document requests despite being given numerous extensions of time to respond.[10]  Instead, Plaintiff argues that he should not be required to respond to the interrogatories and document requests without objection because "this is not a case in which [P]laintiff and/or his attorney are intentionally ignoring [D]efendant's discovery requests or the court['s] discovery rules."[11]  Plaintiff argues that the delay can be attributed to medical issues and Plaintiff's counsel's obligations to close the older cases that were stayed during his medical leave.[12]  Plaintiff further states that his counsel has closed most of these older cases and is now in a position to resume his normal case load.[13]  According to

---

[7] Fed. R. Civ. P. 37(d)(1)(A).

[8] *See* Fed. R. Civ. P. 37(d)(1)(B).

[9] Fed. R. Civ. P. 37(d)(3).

[10] *See* Pl.'s Resp. to Def.'s Mot. to Compel (doc. 46), at 1.

[11] *Id.*

[12] *See id.*

[13] *See id.*

Plaintiff, he has completed draft responses to both the interrogatories and document requests, and Plaintiff's counsel has made tentative arrangements with Defendant's counsel for the production of documents.[14] Plaintiff estimated that formal responses would be completed within ten days of the date of his Response to Defendant's Motion to Compel (doc. 46).[15]

Defendant states that while it understands Plaintiff's counsel's medical issues and other practice related commitments, as of the date of Defendant's Reply to Plaintiff's Response to its Motion to Compel Discovery Responses (doc. 49), which was filed seven days after Plaintiff's Response, Defendant still had not received any responses to its interrogatories or responsive documents from Plaintiff.[16] Defendant argues that it has been more than accommodating in its efforts to obtain Plaintiff's discovery responses without court intervention and yet, despite several promises from Plaintiff's counsel, Defendant still has not received Plaintiff's discovery responses.[17] According to Defendant, although it agreed to several extensions of the discovery deadlines, it did not agree to allow Plaintiff to interpose objections to its discovery months out of time.[18]

The Court has considered the parties' arguments and agrees that Defendant and its counsel have been more than accommodating to Plaintiff and Plaintiff's counsel. Defendant agreed to several extensions of Plaintiff's deadline to respond to Defendant's interrogatories and document requests, thereby giving Plaintiff approximately four and a half months to respond to Defendant's

---

[14] *See id.*, at 1-2.

[15] *See id.*, at 2.

[16] *See* Def.'s Reply to Pl.'s Resp. to its Mot. to Compel Disc. Resps. (doc. 49), at 1.

[17] *See id.*, at 1-2.

[18] *See id.*, at 2.

discovery requests. Despite these numerous and ultimately lengthy extensions, Plaintiff failed to provide any responses to Defendant's discovery requests. The Court finds that Plaintiff's failure to respond to Defendant's discovery requests for over four months was not substantially justified. The Court also finds that Defendant's Motion included a certification that Defendant conferred in good faith with Plaintiff in an effort to obtain the discovery responses before filing its Motion.[19] Thus, the Court finds that sanctions are appropriate under Fed. R. Civ. P. 37(d).

Accordingly, the Court will grant in part the Motion and order Plaintiff to respond without objection to Defendant's First Set of Interrogatories and its First Request for Production of Documents to Plaintiff. However, rather than the seven days requested by Defendant, the Court will give Plaintiff ten days from the date of this Order to respond to Defendant's discovery requests. In addition, the Court orders Plaintiff's attorney to pay Defendant's reasonable expenses, including attorney's fees, incurred in preparing and filing this Motion.[20] This monetary sanction is imposed against Plaintiff's counsel, rather than Plaintiff himself, because there is nothing in the record indicating that Plaintiff was responsible for the failure to respond to Defendant's interrogatories and document requests.[21]

**V. Conclusion**

---

[19] *See* Fed. R. Civ. P. 37(d)(1)(B).

[20] *See* Fed. R. Civ. P. 37(d)(3) ("the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure ...").

[21] "To the extent possible, sanctions should be imposed only upon the person or entity responsible for the sanctionable conduct." *Kan. Wastewater, Inc. v. Alliant Techsystems, Inc.*, 217 F.R.D. 525, 532 n.28 (D. Kan. 2003) (citation omitted). "The sanctioning of a party, as opposed to the party's counsel, requires specific findings that the party was aware of the wrongdoing." *Id.* (citation and quotations omitted). The Court has no evidence that Plaintiff himself was responsible for the failure to respond to Defendant's interrogatories and document requests.

For the reasons set forth above, the Court will grant in part and deny in part Defendant's Motion to Compel Discovery Responses (doc. 44).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery Responses (doc. 44) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that within **ten (10) days** of the date of this Order, Plaintiff shall produce all documents responsive to Defendant's First Request for Production of Documents to Plaintiff. Said production shall take place at the offices of Defendant's counsel or at any other location agreed upon by the parties. Plaintiff will provide complete responses to Defendant's First Request for Production of Documents to Plaintiff without objection.

**IT IS FURTHER ORDERED** that within **ten (10) days** of the date of this Order, Plaintiff shall provide, without objection, complete and verified responses to Defendant's First Set of Interrogatories.

**IT IS FURTHER ORDERED** that Defendant is entitled to recover a portion, if not all, of the reasonable expenses, including attorney's fees, that it incurred in preparing and filing the Motion.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall be solely responsible for paying the monetary sanctions.

**IT IS FURTHER ORDERED** that the parties shall meet and attempt to reach an agreement with regard to the award of expenses to Defendant, including the amount, method, and any other issues regarding payment of the expenses. If the parties reach an agreement, they shall file an appropriate stipulation and request for an order on or before **December 5, 2008**.

**IT IS FURTHER ORDERED** that if the parties fail to file the appropriate stipulation with regard to the award of expenses to Defendant by **December 5, 2008**, then Defendant's counsel shall

file, on or before **December 12, 2008**, an affidavit outlining the parties' attempts to reach an agreement with regard to the award of expenses to Defendant, and itemizing the expenses, including attorney's fees, that Defendant incurred in preparing and filing the Motion.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall have until **December 19, 2008** to file a response to the affidavit.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 18th day of November 2008.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties